## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSHUA SCHAUER,** | : | **Civil No. 1:12-CV-1726** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Jones)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **LEBANON COUNTY, et al.,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM AND ORDER

### I.    Statement of Facts and of the Case

This matter now comes before the Court for consideration of the plaintiff's motion to compel the defendants to produce additional responses to discovery requests that the plaintiff propounded.  This discovery dispute arises in the context of an Eighth Amendment claim by the plaintiff, who alleges that the defendants, officials at the Lebanon County Prison failed to protect him from an assault at the hands of a fellow prisoner.  With respect to this claim, the pertinent facts alleged by Schauer can be simply stated.

In January of 2010, the plaintiff, Joshua Schauer, was housed in the Lebanon County Correctional Facility serving a state drug sentence in the minimum security

wing of that institution.  On September 11, 2010, Schauer became involved in a verbal, and later a physical, altercation with another inmate, Anthony Sweet, after Sweet became angry with the plaintiff following a card game in the prison and accused Schauer of stealing his pen.  (Id.)

Later that evening, as Schauer was brushing his teeth in the prison unit bathroom, he alleges that inmate Sweet attacked him from behind and beat him until other inmates intervened.  Schauer required emergency room treatment for his injuries, which included a puncture wound, as well as facial lacerations and bruises. (Id., ¶¶18-40.)  While Schauer alleged that the defendant prison officials knew generally that inmate Sweet "had a quick temper and frequently acted aggressively;" (Id., ¶43), and claimed that prison supervisors had recently released Sweet from solitary confinement, (Id., ¶44), according to Schauer only one correctional defendant, Officer Ristenblatt, specifically knew of Sweet's threats against Schauer on September 11, 2010, prior to the assault itself.  (Id., ¶45.)

Having set forth these factual allegations, Schauer named a series of individual and institutional defendants in this lawsuit.  These institutional defendants included Lebanon County and the Lebanon County Prison.  (Id.)  The individual defendants named in this action, in turn, included four prison supervisors, Warden Karnes, Deputy Wardens Clements and Hauck, and Captain Ott, along with Correctional

Officer Ristenblatt. (Id.)[1]  As to these correctional defendants, Schauer alleged that they collectively violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to protect him from harm at the hands of inmate Sweet. (Id.) Schauer's amended complaint appeared to level direct failure -to-protect claims against defendants Karnes, Hauck, Clements, Ott, and Ristenblatt,  (Id., ¶¶74-84), while also leveling supervisory liability claims against the institutional and supervisory defendants.  (Id., ¶¶85-91.)

The parties report that they have conducted discovery focused upon the issue of whether inmate Sweet had any known dangerous propensities or bore any known grudge against Schauer at the time of this September 2010 assault.  According to defense counsel this initial, targeted discovery revealed that: "Sweet's inmate record is clean.  There is nothing in the record to show that Anthony Sweet was anything other than a model inmate prior to his fight with Schauer on September 11, 2010." (Doc. 32, p.2.)

Following these disclosures, Schauer propounded additional, and broader, discovery demands which are the subject of this motion to compel.  In these discovery demands Schauer asked the defendants to respond to the following interrogatory:

---

[1]Additional defendants who are not pertinent to this discovery dispute were named in this complaint, but dismissed by the Court.

> Identify any and all incidents of attacks by prisoners or fights between prisoners, including the location of the fights within the prison for the last ten (10) years, or for the duration of the time that you have been employed by Lebanon County, whichever is shorter.

Along with his interrogatories, Schauer propounded requests for production generally seeking documents referenced in responses to interrogatories. In December 2013, the defendants served their answers and objections to Schauer's discovery requests. At that time, the defendants objected to the Disputed Interrogatory stating:

> Objection.  Answering defendant objects to this interrogatory as it is overly broad, harassing and not reasonably calculated to the discovery of admissible evidence.  Answering defendant further objects to the extent it seeks information about other inmates.  Such information is private, not relevant to the instant case, and not reasonably calculated to lead to the discovery of admissible information.  Furthermore, release or disclosure of such information implicates institutional safety concerns.

After the parties were unable to resolve this dispute, the plaintiff filed this motion to compel which seeks a court order which would essentially direct the defendants to produce all incident reports relating to inmate-on-inmate assaults at the prison for the past 10 years.  This motion is fully briefed by the parties and is, therefore, ripe for resolution.

For the reasons set forth below, the motion to compel will be denied.

## II.   DISCUSSION

## A.   Relevant Legal Standards

Rule 26(b)(1) of the Federal Rules of Civil Procedure supplies the scope and

limitations governing the use of discovery in a federal civil action:

> (1) Scope in General.  Unless otherwise limited by court order, the scope
> of discovery is as follows:  Parties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's claim or defense –
> including the existence, description, nature, custody, condition, and
> location of any documents or other tangible things and the identity and
> location of persons who know of any discoverable matter.  For good
> cause, the court may order discovery of any matter relevant to the
> subject matter involved in the action.  Relevant information need not be
> admissible at trial if the discovery appears reasonably calculated to lead
> to the discovery of admissible evidence.  All discovery is subject to the
> limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).  Issues relating to the scope of discovery permitted under the

rules are to be resolved, almost exclusively, at the discretion of the court.  Wisniewski

v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).   A court's decision

regarding the conduct of discovery will be disturbed only upon a showing of an abuse

of discretion.   Marroquin-Manrizuez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

This far-reaching discretion extends to rulings by United States Magistrate Judges on

discovery matters.   In this regard:

> District courts provide magistrate judges with particularly broad
> discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l
> Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585

5

(D.N.J.1997).   When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." <u>Saldi v. Paul Revere Life Ins. Co.</u>, 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing <u>Scott Paper Co. v. United States</u>, 943 F.Supp. 501, 502 (E.D.Pa.1996)).   Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." <u>Kresefky v. Panasonic Commc'ns and Sys. Co.</u>, 169 F.R.D. 54, 64 (D.N.J.1996); <u>see also</u> <u>Hasbrouck v. BankAmerica Hous. Servs.</u>, 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); <u>EEOC v. Mr. Gold, Inc.</u>, 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

<u>Halsey v. Pfeiffer</u>, No. 09-1138,  2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

Rule 37 authorizes a party to move to compel disclosure if the discovery propounding discovery believes that it has received incomplete or inadequate answers to discover authorized under Rule 26.  Fed. R. Civ. P. 37.  With respect specifically to requests for production of documents and interrogatories, Rule 37 provides:

(B) To Compel a Discovery Response.  A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.  This motion may be made if:

...

(iii) a party fails to answer an interrogatory submitted under Rule 33; or

(iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B).   Rule 37 further states that "[f]or purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).   Rule 37(a) further provides that if a court grants a motion to compel, it must require the party whose conduct necessitated the motion to pay the moving party's fees unless, *inter alia*, the movant filed the motion without attempting in good faith to obtain the discovery without resorting to court action, or where other circumstances make an award of expenses unjustified.   Fed. R. Civ. P. 37(a)(5)(A).

A party moving under Rule 37 to compel discovery, or for sanctions, bears the initial burden of proving the relevance of the requested information.   Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D.Pa. 2001).   Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D.Kan. 2009).

Moreover, in a prison setting, inmate requests for far-reaching information can raise security concerns, and implicate a legitimate governmental privilege, a

governmental privilege which acknowledges a governmental needs to confidentiality of certain data but recognizes that courts must balance the confidentiality of governmental files against the rights of a civil rights litigant by considering:

> (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intra-departmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiffs case.

Frankenhauser v. Rizzo, 59 F.R.D. 339, 344 (E.D. Pa. 1973).

With these legal guideposts in mind, we turn to consideration of Schauer's various discovery requests.

### B.   Schauer's Motion to Compel Will be Denied

In these discovery requests, the plaintiff is seeking records relating to episodes of inmate-on-inmate violence throughout the prison over the course of a decade, virtually all of which would be unrelated to the September 2010 incident at issue in this case.  Schauer seeks this information in support of his Eighth Amendment failure

to protect claim. Therefore, some consideration of the elements of this particular claim is essential to an informed resolution of this discovery dispute.

Proof of a culpable subjective intent is a critical component of an Eighth Amendment failure-to-protect claim. The leading case in the Third Circuit addressing deliberate indifference in this prison context is found in Beers-Capitol v. Whetzel, 256 F.3d 120 (3d Cir. 2001). In Beers-Capitol, the Third Circuit explained the basic requirements of a claim brought against a prison official under the Eighth Amendment as follows:

> An Eighth Amendment claim against a prison official must meet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind."

Id. at 125 (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Furthermore, in cases involving prison safety or prison conditions, the relevant state of mind "is one of 'deliberate indifference' to inmate health or safety." Id.

This deliberate indifference standard "is a subjective standard under Farmer – the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." Id. Thus, " '[d]eliberate indifference can be shown when a prison official *knows of and disregards* an excessive risk to inmate health or safety' Hamilton v. Leavy, 117 F.3d 742, 747 (3d Cir. 1997) (quotation marks

omitted)(emphasis added).   Accordingly,   "to survive summary judgment on an

Eighth Amendment claim asserted under 42 U.S.C. § 1983, a plaintiff is required to

produce sufficient evidence of (1) a substantial risk of serious harm; (2) the

defendants' deliberate indifference to that risk; and (3) causation." Davis v. Williams,

354 F. App'x 603, 605-606 (3d Cir. 2009).

　　　As explained in Beers-Capitol, in Eighth Amendment cases based on

allegations of deliberate indifference on the part of prison officials or other

supervisory defendants, the Supreme Court has "rejected an objective test for

deliberate indifference; instead it looked to what the prison official actually knew

rather than what a reasonable official in his position would have known." Id. at 131.

Specifically, the Supreme Court "held that 'a prison official cannot be found liable

under the Eighth Amendment for denying an inmate humane conditions of

confinement unless the official knows of and disregards an excessive risk to inmate

health or safety.'"   Id. (quoting Farmer, 511 U.S. at 837).  This requirement of actual

knowledge on the part of supervisory officials "means that 'the official must both be

aware of facts from which the inference could be drawn that a substantial risk of

serious harm exists, and he must also draw the inference.'" Id.  (quoting Farmer, 511

U.S. at 837).

At the same time, this subjective standard does not insulate officials from liability where such officials choose to remain deliberately indifferent to an excessive or substantial or serious risk of harm to inmates.  The Supreme Court explained:

> We are no more persuaded by petitioner's argument that, without an objective test for deliberate indifference, prison officials will be free to ignore obvious dangers to inmates.  Under the test we adopt today, an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm would actually befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.

Farmer, 511 U.S. at 842.  The Supreme Court also noted that a supervisory defendant's knowledge of a risk may be proved through circumstantial evidence, so that "a fact finder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious."  Id.

The appellate courts recognize that a mere generalized knowledge that prisons are dangerous places does not give rise to an Eighth Amendment claim.  See e.g., Jones v. Beard, 145 F. App'x 743 (3d Cir. 2005).  Instead, the Court of Appeals has interpreted Farmer to signal that "a plaintiff could make out a deliberate indifference case by showing that prison officials simply were aware of a general risk to inmates in the plaintiff's situation[.]"  In order to show deliberate indifference in this fashion, a plaintiff would need to come forward with evidence showing a substantial basis for demonstrating that a prison official was deliberately indifferent in the face of

information that presented a substantial risk to inmate safety for a particular inmate-plaintiff.  As the Supreme Court has observed in this context:  "If an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was *longstanding, pervasive, well-documented, or expressly noted by prison officials in the past,* and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk *and thus must have known about it*, then such evidence would permit a trier of fact to find that the defendant-official had actual knowledge of the risk."  <u>Farmer</u>, 511 U.S. at 842-43(emphasis added).

Applying this standard, which looks to whether the alleged threat was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, courts have rejected Eighth Amendment failure-to-protect claims with respect to individual prison officials, where the evidence was insufficient to put those prison officials subjectively on notice of a substantial risk of serious harm to some particular inmate-plaintiff.  Thus, an inmate's report to a staff member that other prisoners harbored antipathy for him based upon his history as a child molester, standing alone, is insufficient to establish that prison officials were on notice of, and deliberately indifferent to, a substantial risk of harm.  <u>Davis v. Williams</u>, 354 F.App'x 603, 605-606 (3d Cir. 2009).  Similarly, an inmate cannot establish sufficient

subjective awareness of a serious risk of harm to satisfy an Eighth Amendment claim by simply asserting that staff were informed that the inmate was not getting along with others, O'Connell v. Williams, 241 F.App'x 55, 58 (3d Cir. 2007), Jones v. Beard, 145 F. App'x 743 (3d Cir. 2005), or that staff were present when a fellow inmate bragged about harassing the plaintiff-prisoner. Counterman v. Warren County Correctional Facility, 176 F. App'x 234 (3d Cir. 2006). This proof simply does not meet the exacting standard of subjective knowledge called for under the Eighth Amendment. Instead, in such cases:   "[a]ctual knowledge can be proven circumstantially [only] where the general danger was obvious; that is, where 'a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past.' " Counterman, 176 F. App'x at 238 quoting Farmer, 511 U.S. at 842-43.

Furthermore, the court of appeals has expressly rejected the premise which lies at the heart of this particular discovery demand; namely, the idea that a collection of prison records describing unrelated assaults over a prior 10 year period is probative evidence in an Eighth Amendment failure-to-protect claim brought by a specific inmate arising out of a singular assault by another person. In Heggenmiller v. Edna Mahan Corr. Inst. for Women, 128 F. App'x 240, 245-46 (3d Cir. 2005), the court of appeals specifically addressed the question of whether prison records of unrelated

assaults spanning a ten year period were relevant and admissible in a failure-to-protect claim.  In terms that are equally applicable here, the court held that they were not, stating:  "While 'a defendant's knowledge of a risk can be proved indirectly by circumstantial evidence,' Beers-Capitol, 256 F.3d at 131, including evidence that 'the risk was obvious,' Id., the following evidence demonstrates why such a showing is precluded in this case.  First, none of the prior incidents is shown to have involved [the assailant] who assaulted both [plaintiffs].  Different [assailants] committed the various past offenses."  Heggenmiller v. Edna Mahan Corr. Inst. for Women, 128 F. App'x 240, 245-46 (3d Cir. 2005).  Reasoning that these reports of other acts collected over a 10 year period said nothing about the likelihood that a particular assailant would attack a specific inmate, the court concluded that this evidence did not establish a failure to protect claim.  Id.

In short, the focus of Eighth Amendment failure-to-protect claims is on the propensity of violence presented by a particular prison assailant to the inmate-plaintiff, and is not grounded on the notion that prisons are, in general, dangerous places.  Jones v. Beard, 145 F. App'x 743, 745 (3d Cir. 2005).  Therefore, evidence which simply collects unrelated incidents over a ten year period would not ordinarily be relevant or admissible in these cases.  Heggenmiller v. Edna Mahan Corr. Inst. for Women, 128 F. App'x 240, 245-46 (3d Cir. 2005).  In short "general knowledge of

14

prior incidents of misconduct does not place supervisory personnel on notice that a particular incident might happen with sufficient probability to charge the supervisory personnel with the scienter needed for deliberate indifference, while particularized knowledge of risk to a particular inmate or from a particular inmate can provide the awareness of risk necessary to hold a prison official liable." Hazel v. McCullough, 302-CV-219-KRG-KAP, 2007 WL 1875807 (W.D. Pa. June 27, 2007). See Calloway v. U.S. Marshals Serv., 305-CV-420-KRG-KAP, 2007 WL 1875808 (W.D. Pa. June 27, 2007)("circuit precedent is very clear that general knowledge of prior incidents of misconduct does not place supervisory personnel on notice that a particular incident might happen with sufficient probability to charge the supervisory personnel with the scienter requirement needed for deliberate indifference.")

Given the marginal relevance of this information, we find persuasive the defendants' objections that collecting, collating and providing this information from throughout the prison for the past decade would be unduly burdensome. Therefore, we will deny this motion to compel. In light of this ruling, we will also deny, in part, the plaintiff's motion for extension of time to complete discovery, which we understood to be largely premised upon the plaintiff's view that additional discovery time would be needed to obtain and review the documents sought in this motion to compel. We will, however, extend the general discovery deadline by 30 days in order

to allow the parties to schedule any final depositions which may have been deferred

pending the outcome of this motion to compel.

An appropriate order follows.

## III.   Conclusion and Order

For the foregoing reasons, the plaintiff's motion to compel, (Doc. 27.) is

DENIED and the plaintiff's motion for extension of time, (Doc. 26.), is DENIED, in

part, and GRANTED, in part, in that the deadline for completion of discovery

depositions is extended to **July 18, 2014**.

So ordered this 20th day of June, 2014.


*/S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

16